Filed 3/18/21  P. v. Greer CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL GREER,<br><br>    Defendant and Appellant. | D077831<br><br><br><br>(Super. Ct. No. SCD284495) |

APPEAL from a judgment and orders of the Superior Court of San Diego County, Polly H. Shamoon, Kimberlee A. Lagotta, and Laura W. Halgren, Judges.  Affirmed.

Daniel Greer, in pro. per.; and Shaghayegh Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Daniel Greer entered into a plea agreement, under the terms of which he pleaded guilty to unpremeditated attempted murder (Pen. Code,[1] §§ 187, subd. (a) and 664).  The parties stipulated to a seven-year prison term and

---

[1]    All further statutory references are to the Penal Code.

the remaining charges and allegations were dismissed. Greer was sentenced in accordance with the plea agreement.

Greer brought two motions to replace appointed counsel and one request to withdraw his guilty plea. (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).) The trial court held hearings on both *Marsden* motions and on the request to withdraw his guilty plea. The *Marsden* motions were denied, and the court denied the request to withdraw the guilty plea.

Greer filed a timely notice of appeal. The court denied his request for a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Greer the opportunity to file his own brief on appeal. Greer has responded with a supplemental brief which we will discuss below.

## STATEMENT OF FACTS

In his change of plea, Greer stated he attempted to kill another person.

## DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Did the court err on denying Greer's *Marsden* motions;

2. Did the record show ineffective assistance of counsel caused Greer to reject the first plea offer; and

3. Did the court err in denying Greer's motion to withdraw his guilty pleas?

In his supplemental brief, Greer complains about several perceived wrongs. He declares he did not commit the crime. He does not discuss the fact his request for a certificate of probable cause was denied. Greer follows the list of possible issues which were contained in Appellant's opening brief. He complains about the denial of his two *Marsden* motions and the denial of his motion to withdraw his guilty pleas. His basic theme in his submission is that trial counsel was ineffective. Trial counsel allegedly did not do adequate investigation, did not spend enough time with him, and failed to adequately advise him. The question of whether counsel was ineffective will require examination of facts and events outside of the record on this appeal. Greer's remedy, if any, lies in a petition for habeas corpus. Greer's submission has not raised any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Greer on this appeal.

DISPOSITION

The judgment and orders are affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

4